## *NOT FOR PUBLICATION*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYMON BROWN,<br><br>            Petitioner,<br><br>     v.<br><br>P. NOGAN, et al.,<br><br>            Respondents. | Civil Action No. 17-5414 (PGS)<br><br>**MEMORANDUM OPINION** |

**SHERIDAN, District Judge:**

Petitioner Waymon Brown, confined at the East Jersey State Prison in Rahway, New Jersey, files the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction by the State of New Jersey for first-degree robbery and related crimes. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, to determine if the Petition should be dismissed because Petitioner is not entitled to relief.

The Court finds the Petition time-barred. Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA")

one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitations period is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial for post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, however, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

Here, Petitioner's conviction became final 90 days after the New Jersey Supreme Court affirmed his conviction and sentence on February 3, 1999, or May 4, 1999. *See State v. Brown*, 158 N.J. 71 (1999); *State v. Brown*, Indictment No. 96-07-0661, 2015 WL 9694500, at *1 (N.J. Sup. Ct. App. Div. Jan. 5, 2016) ("App. Op."). Although the Appellate Division did not provide the full history of the matter in state court, it does state that Petitioner filed his first application for post-conviction relief ("PCR") sometime after his judgment became final, which was denied and

2

ultimately affirmed by the New Jersey Supreme Court on May 25, 2005. App. Op. at *1; *State v. Brown*, 183 N.J. 591 (2005). Petitioner filed a second PCR application in 2006, which was denied and affirmed by the Appellate Division on June 27, 2007, finding that "defendant's claim was essentially the same argument previously presented by defendant on his direct appeal and in his first petition for PCR." App. Op. at *1. In 2009, Petitioner filed a third PCR application, and it was denied and affirmed by the Appellate Division on July 6, 2011. *Id.* The Appellate Division again stated that all issues raised in the third PCR application had already been presented and adjudicated in prior applications. *Id.* Finally, in 2013, Petitioner filed another motion to correct an illegal sentence in state court, which was denied and affirmed by the Appellate Division on January 5, 2016. *Id.* at *2. Once again, the Appellate Division found that the issues raised had already been decided. *Id.*

The Court finds the Petition time-barred. Although the Appellate Division did not provide exact dates in its decision, it is clear from the information it did provide that there were one-plus-year gaps between Petitioner's second and third PCR applications, as well as between the third PCR application and his last motion to correct sentence. Due to these two gaps during his state court proceedings where nothing was pending before the state court, Petitioner's one-year AEDPA limitations period expired long ago—based on the information available, at the latest in July of 2008. Because the instant Petition was not filed until July 13, 2017, it is nine years too late. Furthermore, the New Jersey Supreme Court denied certification on his latest motion to correct sentence on July 15, 2016, *see State v. Brown*, 227 N.J. 32 (2016), so the instant Petition was filed two days short of one year after this latest denial. In essence, if there was even one delay of just three days during the entire 15-year period Petitioner engaged in PCR practices in state court— which, as stated above, there were already multiples of such delay—that alone would have

3

rendered the Petition untimely. As such, the Petition is dismissed as time-barred.[1] In the interest of justice, Petition may amend the Petition within 30 days of accompanying Order to show why the Petition should be construed as timely.

Lastly, the Court also denies a certificate of appealability ("COA"). AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

Date: 9/18/2017

Peter M Sheridan

**Peter G. Sheridan, U.S.D.J.**

---

[1] The Court takes this opportunity to note that it is not clear whether Petitioner would be entitled to statutory tolling during the pendency of his second and third PCR applications or his motion to correct sentence. The law is unsettled on whether successive PCR applications that raise issues already decided previously would be considered "properly filed" and therefore entitled to statutory tolling under AEDPA. *See Wanger v. Hayman*, No. 09-6307, 2010 WL 936168, at *5 (D.N.J. Mar. 11, 2010). However, the instant matter is a prime example of the abusive practices a petitioner can engage in in state court to perpetually toll his AEDPA statute of limitations, if the Court were to permit statutory tolling for PCR applications that raised no new claims. As the Supreme Court held in *Pace v. DiGuglielmo*, such *de facto* extension mechanism is contrary to the purpose of AEDPA. 544 U.S. 408, 413 (2005). Nevertheless, the Court need not decide this issue because the Petition is untimely even if statutory tolling applied to all of Petitioner's state court filings.

4